*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

RAYMOND VERN MACLEOD,

   Defendant-Appellant.

UNPUBLISHED
August 11, 2026
11:50 AM

No. 373625
Otsego Circuit Court
LC No. 2023-006613-FH

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals his sentence for felon-in-possession of a firearm resulting from a road-rage incident where gunshots were fired. Because no record evidence supports that the gunshots were directed toward the victim, we reverse defendant's sentence and remand the case to the trial court for resentencing.

According to the victim, defendant and the victim were driving the same direction on a highway when defendant approached the victim's vehicle from behind at an extreme rate of speed, almost hitting the victim. As defendant proceeded to drive extremely close to the victim, the victim raised his hand in the air in a motion toward defendant. In response, defendant allegedly reached over to his passenger seat to retrieve a handgun and "rack it." Both vehicles stopped, and the victim turned his vehicle around to proceed in the opposite direction. While fleeing, the victim "heard 2 quick pop, pop gunshots," and thereafter called the police. The police apprehended defendant and located a firearm with two missing rounds of ammunition in his vehicle.

Defendant was charged with felon-in-possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b, and ultimately pleaded guilty to both charges. At sentencing, defendant argued that there was not a preponderance of the evidence that he discharged or aimed the firearm toward the victim given the victim's statement in the police report that he was unsure if defendant aimed the weapon at him. The trial court assessed 25 points to the scoring of OV 1 because it found sufficient circumstantial evidence in the record to conclude that defendant discharged his weapon at or in the direction of a human being. With that scoring, defendant's minimum sentencing guidelines range was 19 to 47 months'

-1-

imprisonment, and the trial court sentenced defendant to consecutive sentences of 24 to 90 months' imprisonment for felon-in-possession and two years' imprisonment for felony-firearm.

Defendant now appeals, challenging the trial court's assessment of 25 points for OV 1 and his sentence.

Defendant argues that OV 1 was assessed incorrectly because there was insufficient evidence that he aimed his firearm at or toward a human being. "Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Horton*, 345 Mich App 612, 616; 8 NW2d 622 (2023). Clear error occurs when this Court is left "with a definite and firm conviction that the trial court made a mistake." *People v Rodriguez*, 327 Mich App 573, 583; 935 NW2d 51 (2019). The Court reviews de novo whether the trial court's findings of facts are sufficient for the trial court's scoring and the statutes' scoring conditions. *Horton*, 345 Mich App at 616. A trial court may consider all record evidence and rely on reasonable inferences arising from such evidence when scoring the offense variables. *Id.*

OV 1 pertains to an aggravated use of a weapon. If a firearm was "discharged at or toward a human being," then OV 1 is scored at 25 points. MCL 777.31(1)(a). If a firearm was not discharged and instead was simply "pointed" at or toward a victim, then OV 1 is scored at 15 points. MCL 777.31(1)(c). And if a weapon was only displayed or implied, then OV 1 is scored at 5 points. MCL 777.31(1)(e).

Here, the issue is whether the record supports, by a preponderance of the evidence, scoring OV 1 at 25 points. There is substantial evidence that a firearm was discharged: defendant's firearm was missing two bullets from the magazine, and the victim heard the firearm discharge twice. But there is no evidence in the record of the direction that the firearm was discharged or aimed. There was no testimony from the victim that the firearm was aimed at defendant before or during the time when the firearm was discharged. Further, there is no physical evidence that the firearm was discharged at the victim, such as bullet holes in the victim's vehicle.

Although one may speculate that defendant shot at or toward the victim, there is no direct evidence or reasonable inference therefrom that defendant shot in the direction of the victim. The mere facts that defendant was engaged in a "road-rage" incident and the victim was the target of his ire are not alone sufficient to conclude that defendant shot at the victim. Accordingly, it was clear error for the trial court to conclude that defendant discharged his firearm at or toward the victim because there is no evidence that supports the assertion.

If a scoring error alters the appropriate guideline range, a defendant is entitled to resentencing. *People v Francisco*, 474 Mich 82, 89-91; 711 NW2d 44 (2006). Here, based on the Court's review of the record, the appropriate score for OV 1 was 5 points. The victim did not indicate that the firearm was discharged or pointed in his direction to support scoring OV 1 at 25 or 15 points; he only observed defendant raising and racking the handgun. Therefore, although there is sufficient evidence that defendant shot his firearm, the only act that fits within one of the

OV 1 categories is his display of that firearm.  OV 1 should be scored at 5 points.  And given the 5-point score, defendant's guideline range changes, and he is entitled to resentencing.

Reversed and remanded for proceedings consistent with this opinion.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle